Ms. Dolores D. Menendez Cape Coral City Attorney Post Office Box 150027 Cape Coral, Florida 33915-0027
Dear Ms. Menendez:
On behalf of the City of Cape Coral you have asked substantially the following questions:
1. Is a municipality authorized by Chapter 316, Florida Statutes, to erect signs that state "No Thru Street" on local, platted, municipally maintained roads for the purpose of preventing the use of the road by motorists other than those who reside on the street or who are invitees of persons who reside on the street?
2. If the answer to Question One is in the affirmative, can motorists who fail to obey such a sign be cited by a law enforcement officer for a violation of section 316.074, Florida Statutes?
Your questions are interrelated and can be answered together.
According to information submitted with your request, automobile traffic in the City of Cape Coral has increased dramatically due to recent growth in the area. The city is a pre-platted community that has more than four hundred miles of navigable canals traversing a major portion of the city. Only certain streets have bridges that cross those canals. In some areas in the city, motorists have discovered that they can access these "through" streets more readily by driving down local two-lane roads that are located in single-family residential areas. The city, in an effort to discourage this "through" traffic on two-lane residential streets, has installed signs on those streets that state "No Thru Street." The city has not, to date, sought to cite any motorists for violating such signs, but is being requested to do so by residents living on those streets.
Chapter 316, Florida Statutes, the Florida Uniform Traffic Control Law, was enacted in order to make uniform traffic laws applicable throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities.[1] Section316.006, Florida Statutes, vests jurisdiction to control traffic in the state, counties, and municipalities. Municipalities are given jurisdiction to control traffic within their jurisdictions by section 316.006(2), Florida Statutes, which provides:
"(a) Chartered municipalities shall have original jurisdiction over all streets and highways located within their boundaries, except state roads, and may place and maintain such traffic control devices which conform to the manual and specifications of the Department of Transportation upon all streets and highways under their original jurisdiction as they shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic."
Section 316.640, Florida Statutes, provides generally for the enforcement of traffic laws and, more specifically, states that municipalities shall enforce state traffic laws on municipal thoroughfares "wherever the public has the right to travel by motor vehicle."[2]
Municipalities are authorized by section 316.006(2)(a), Florida Statutes, to "place and maintain such traffic control deviceswhich conform to the manual and specifications of the Departmentof Transportation upon all streets and highways under their original jurisdiction[.]"[3] (e.s.) Traffic control devices are defined for purposes of Chapter 316, Florida Statutes, as "[a]ll signs, signals, markings, and devices, not inconsistent with thischapter, placed or erected by authority of a public body or official having jurisdiction for the purpose of regulating, warning, or guiding traffic."[4] (e.s.) Section 316.007, Florida Statutes, provides that "no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized."
The Florida Department of Transportation has adopted the Federal Highway Safety Administration Manual on Uniform Traffic Control Devices[5] for use in this state. No provision of the manual and specifications adopted by the Department of Transportation or elsewhere in Chapter 316, Florida Statutes, authorizes the use or erection of a sign stating "No Thru Street."[6] Thus, a municipality has no authority to erect or enforce such a sign pursuant to Chapter 316, Florida Statutes.
The roads upon which the City of Cape Coral has erected signs are municipal roadways on which the public has a right to travel. This is not a situation involving private roads over which the municipality has been requested to exercise traffic control and must enter into an agreement with the private owners to exercise such control.[7]
While the municipality is authorized to provide regulatory or warning signage on municipal roadways to alert motorists to such things as posted speed limits or "watch for children", nothing in Chapter 316, Florida Statutes, or elsewhere authorizes the city to limit the right of the public to use such roadways for the exclusive benefit of the home owners in the area and their invitees.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 316.002, Fla. Stat.
[2] Section 316.640(3)(a), Fla. Stat.
[3] And see s. 316.0745(4), Fla. Stat., which provides:
"It shall be unlawful for any public body or official to purchase, or for anyone to sell, any traffic control signal or device unless it conforms with the manual and specifications published by the Department of Transportation and is certified to be of such conformance prior to sale."
[4] See s. 316.003(23), Fla. Stat.
[5] See Rule 14-15.010, F.A.C., in which the Florida Department of Transportation adopts the MUTCD as Florida's manual of uniform traffic control devices and makes it a part of the administrative rules of the department. The manual may be viewed at http:mutcd.fhwa.dot.gov/kno-millennium.htm.
[6] Compare, s. 316.008(1)(f), Fla. Stat., which authorizes a local authority to designate a street as a through street or designate any intersection as a stop or yield intersection.
[7] It is the availability of the area for travel and the right of general and common use that makes certain private property subject to public control pursuant to Chapter 316, Florida Statutes. Thus, this office has concluded that municipalities have enforcement authority regarding traffic violations and accidents occurring on "private property" where the public has the right to travel, such as shopping center parking lots. See
Ops. Att'y Gen. Fla. 73-323 (1973) and 72-383 (1972). And see Op. Att'y Gen. Fla. 84-46 (1984) (if public has right to travel on access road owned and maintained by, and located within territorial limits of, airport authority, then provisions of Ch.316, Fla. Stat., applicable).
For those private roads or limited access roads where the public does not have a right to travel, however, section 316.006(3)(a), Florida Statutes, authorizes a municipality to exercise jurisdiction if the municipality has jurisdiction pursuant to a written agreement pursuant to section 316.006(2)(b), Florida Statutes, for municipal traffic control jurisdiction. See Op. Att'y Gen. Fla. 88-5 (1988). The agreement, which must be approved by the governing body of the municipality, must provide for reimbursement of the actual costs of traffic control and enforcement and for liability insurance and indemnification by the party who owns or controls such roads. Other terms, as may be mutually agreeable to the parties, may also be included. Section316.006(2)(b)1., Fla. Stat. And see s. 316.006(2)(b)2., Fla. Stat., which states that the exercise of this jurisdiction is in addition to jurisdictional authority presently exercised by municipalities under law and that nothing in the paragraph shall be construed to limit or remove any such jurisdictional authority.